1   Joshua B. Swigart, Esq. (SBN: 225557)
    josh@westcoastlitigation.com
2   Veronica E. McKnight, Esq. (SBN: 306562)
3   **Hyde & Swigart**
    2221 Camino Del Rio South, Suite 101
4   San Diego, CA 92108
    Telephone: (619) 233-7770
5   Facsimile: (619) 297-1022
6
7   [Additional Attorneys for Plaintiff on Signature Page]
8   Attorneys for Libby Pour and Joseph Izhakpor
9
               **UNITED STATES DISTRICT COURT**
10              **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| Libby Pour and Joseph Izhakpor, | **Case No:** _____ |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | |
| Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC, | 1. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32** |
| Defendants. | 2. **NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| | 3. **INTENTIONAL VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| | 4. **NEGLIGENCE** |
| | 5. **NEGLIGENCE PER SE - RFDCPA** |
| | 6. **NEGLIGENCE PER SE - TCPA** |
| | **Jury Trial Demanded** |

## INTRODUCTION

1.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2.   The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

4.   Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

> *Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions,*

HYDE & SWIGART
Consumer Protection Attorneys

*LLC*, 2012 WL 3292838, at \*4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6.  Plaintiffs Libby Pour and Joseph Izhakpor ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the conduct of Ocwen Mortgage Servicing, Inc. ("OMS"), and Ocwen Loan Servicing, LLC ("OLS") (collectively "Ocwen" or "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs.  Further, Plaintiffs bring this action for damages and any other available legal or equitable remedies resulting from the actions of Defendants in their violations of the Rosenthal Fair Debt Collections Act and in their negligent and/or willful violations of the TCPA.

7.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.  The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC*, Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *American Pipeline & Construction Co v. Utah*, 414 U.S. 538.

9.  Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

12.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1367 for supplemental state claims.

13.   This action arises out of Defendants' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

14.   Because Defendants conduct business within the State of California, personal jurisdiction is established.

15.   Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants conducted business within the State of California and Plaintiffs are located within this district.

### PARTIES

16.   Plaintiffs are each natural persons who reside in the County of Los Angeles, State of California.

17.   Defendant OMS has its principal place of business in Frederiksted, St. Croix in the U.S. Virgin Islands.

18.   Defendant OLS has its principal place of business in the City of West Palm Beach, in the State of Florida.

19.   Defendants OMS is, and at all times mentioned herein was, a corporation and "person," as defined by 47 U.S.C. § 153 (39).

20.   Defendant OLS is, and at all times mentioned herein was, a limited liability company and  a "person," as defined by 47 U.S.C. § 153 (39).

21.   Plaintiffs are each natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are each "debtors" as that term is defined by California Civil Code § 1788.2(h).

22.  Defendants, each of them, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

23.  Plaintiffs Libby Pour and Joseph Izhakpour are siblings who both reside in Los Angeles County.

24.  Plaintiffs, each of them, are alleged to have incurred certain financial obligations to Defendants mortgages on their residences.

25.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26.  Between January 10, 2012 and September 9, 2016, Defendant called Ms. Pour on her cellular telephone numbers ending in 5531, 0060, 0340, 1695, 6197, 5333, 3989 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27.  In total, Ms. Pour has received at least 2306 calls from Defendant on her cellular phones.

28.  For example, Ms. Pour received at least 119 calls from Defendant on her cellular phones in June 2016 alone.

29.  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30.  When Plaintiffs would answer the calls from Defendants, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

31.   Sometimes, Plaintiffs would receive calls from Defendants in which the caller was a recorded voice or message, rather than a live representative.

32.   From March 2011 through the end of 2016, Defendants also called Mr. Izhakpor on his   cellular telephone numbers ending in 2185, 4907, 0052, 2185, 1247, 3880, and 0529 via an ATDS, or using an artificial or prerecorded voice.

33.   In total, Mr. Izhakpor has received at least 1213 calls from Defendant on his cellular phones.

34.   For example, Mr. Izhakpor received at least 20 calls from Defendant on his cellular phones within one week in August 2015.

35.   Plaintiffs did not provide express consent to Defendants to receive calls on their cellular phones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

36.   Further, Plaintiffs, each of them, clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiffs no longer wished to be contacted by phone.

37.   Plaintiffs answered several of the above mentioned autodialed telephone calls from Defendants and asked Defendants to stop calling. Despite these clear and unmistakable requests, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendants may have had prior to beginning its campaign of harassment by telephone.

38.   On or about February 3, 2012, Ms. Pour requested in writing that Defendant stop calling her cellular number ending in 3989.

39.   However, Ms. Pour continued to receive numerous calls on her cellular number ending in 3989 after this clear written revocation.

40.   Ms. Pour also sent two additional written requests to Defendant to stop or reduce the calls to her other cellular phone numbers.

41.   On or about August 15, 2014, Ms. Pour notified Defendants in writing that it was inconvenient for her to receive any calls to her cellular numbers ending in

1   5531 and 0060 at any time other than between 1:00 pm and 2:00 pm, due to
2   the overwhelming amount of calls she received from Defendants.

42.   However, Ms. Pour continued to receive numerous calls at times that she
      specifically asked not to be called.

43.   Calls to Ms. Pour were attempts to collect on her own property or a consumer
      debt allegedly due and owing by her brother, Mr. Izhakpour.

44.   The calls by Defendant to both Plaintiffs' cell phones continued, even after
      both Plaintiff's oral and written revocation.

45.   These calls were made by Defendants or Defendants' agent, with Defendants'
      permission, knowledge, control, and for Defendants' benefit.

46.   As a result, the telephone calls by Defendants, or its agent(s), violated 47
      U.S.C. § 227(b)(1).

47.   Through Defendant's actions, Plaintiff suffered an invasion of a legally
      protected interest in privacy, which is specifically addressed and protected by
      the TCPA.

48.   Plaintiffs were personally affected, becoming frustrated and distressed that,
      despite telling Defendants to stop calling Plaintiffs' cellular phone,
      Defendants continued to harass Plaintiffs with collection calls using an ATDS.

49.   The unrelenting, repetitive calls disrupted Plaintiffs' daily activities and the
      peaceful enjoyment of Plaintiffs' personal and professional life, including the
      ability to use Plaintiffs' phone.

50.   The calls placed by Defendant to Plaintiffs were extremely intrusive,
      including Plaintiffs' relationships with close family members. Specifically,
      Plaintiffs began to ignore or send to voicemail many incoming calls from
      unknown numbers, out of frustration in dealing with Defendants' unwanted
      and intrusive calls. In doing so, Plaintiffs missed important communications
      from friends and family.

51. Through this conduct described above, Defendants caused Plaintiffs' phones to ring repeatedly or continuously to annoy the person called, in violation of California Civil Code §1788.11(d).

52. By calling Ms. Pour at times of the day that Defendants knew were inconvenient to Ms. Pour, Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(1), which is incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17. Thus, this conduct or omission violated Cal. Civ. Code § 1788.17.

53. Through this conduct described above, Defendants communicated, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment under the circumstances, in violation of California Civil Code §1788.11(e).

**STANDING**

54. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560.*

55. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

A. ***The "Injury in Fact" Prong***

56.   Plaintiffs' injuries in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

57.   For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.   In the present case, Plaintiffs were called on Plaintiff's cellular phones by Defendants.   Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

58.   For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way."  *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*.  It was each of plaintiffs' personal privacy and peace that was invaded by Defendants' persistent phone calls using an ATDS.   All of these injuries are particularized and specific to plaintiffs.

B.   ***The "Traceable to the Conduct of Defendant" Prong***

59.   The second prong required to establish standing at the pleadings phase is that Plaintiffs must allege facts to show that Plaintiffs' injuries traceable to the conduct of Defendant(s).

60.   In the instant case, this prong is met simply by the fact that the calls to plaintiffs' cellular phone were placed either, by Defendants directly, or by Defendant's agent at the direction of Defendants.

C.   ***The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

61.   The third prong to establish standing at the pleadings phase requires Plaintiff sto allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

62. In the present case, Plaintiffs' Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiffs.

63. Furthermore, Plaintiffs' Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future.  The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

64. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in  *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016)*, Plaintiffs have standing to sue Defendants on the stated claims.

### CAUSES OF ACTION
### COUNT I
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

65. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32, specifically, the voluminous calls made to each Plaintiff in the time periods described.

67. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT II

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

68. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

69. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

70. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

71. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

72. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

73. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) (B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

### NEGLIGENCE

74.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.  Defendants had a duty to use care to not infringe on consumers' privacy rights when collecting on alleged debts and not calling Plaintiffs hundreds and/or thousands of times to harass and/or abuse Plaintiffs.

76.  Defendants breached that duty by calling Plaintiffs on Plaintiffs' cellular telephones a voluminous number of times, as discussed above, and continued to call despite Plaintiffs' request that the calls stop.

77.  Plaintiffs were harmed and suffered injury as described above.

78.  The negligence of Defendants was a substantial and proximate factor in causing Plaintiffs this harm and injury described above.

79.  As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiffs or their family. As such Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof at trial.

## COUNT V

### NEGLIGENCE PER SE - ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

80.  Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

81.  The Rosenthal Fair Debt Collection Practices Act ensures that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. This act is codified under California Civil Code § 1788-1788.32.

82.  Defendants called Plaintiffs with regard to alleged obligations related to money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a

"debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

83. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

84. Thus, Plaintiffs are each within the protective class which the Rosenthal Fair Debt Collection Practices Act is designed to protect.

85. Through this conduct described above, Defendants caused Plaintiffs' phones to ring repeatedly or continuously to annoy the person called, in violation of California Civil Code §1788.11(d).

86. Through this conduct described above, Defendants communicated, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment under the circumstances, in violation of California Civil Code §1788.11(e).

87. Defendants breached their duties through their violations of the RFDCPA by calling Plaintiffs on Plaintiffs' cellular telephones a voluminous number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

88. Plaintiffs were harmed and suffered injury as described above.

89. The negligence of Defendants was a substantial and proximate factor in causing Plaintiffs this harm and injury described above.

90. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiffs or their family. As such Plaintiffs are each entitled to recover punitive damages from Defendants in an amount according to proof at trial.

## COUNT VI

### NEGLIGENCE PER SE - TELEPHONE CONSUMER PROTECTION ACT

91. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs.

93. Thus, Plaintiffs are within the protective class which the TCPA is designed to protect.

94. As described above, Defendants breached their duty when they violated the TCPA.

95. Defendants' violation of the TCPA was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

96. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiffs or their families. As such, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof at trial.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, and Plaintiffs each be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

1  • Statutory damages of $500.00 for each negligent violation of the TCPA
2    pursuant to 47 U.S.C. § 227(b)(3)(B);
3  • Statutory damages of $1,500.00 for each knowing and/or willful
4    violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47
5    U.S.C. § 227(b)(3)(C).
6  • Special, general, compensatory, and punitive damages; and
7  • Any and all other relief that this Court deems just and proper.
8  97.  Pursuant to the seventh amendment to the Constitution of the United States of
9    America, Plaintiffs are entitled to, and demands, a trial by jury.

10

11  Respectfully submitted,

12                                    **Hyde & Swigart**

13

14  Date: June 2, 2017              By:/s/ Joshua B. Swigart
15                                        Joshua Swigart
                                          Attorneys for Plaintiffs
16

17  Abbas Kazerounian, Esq.
    California Bar No.: 249203
18  **KAZEROUNI LAW GROUP, APC**
    245 Fischer Avenue, Unit D1
19  Costa Mesa, CA 92626
    Phone: (800) 400-6808
20  FAX: (800) 520-5523
21  ak@kazlg.com

22

23

24

25

26

27

28